IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-3463-D |
| | § | |
| HIGHLAND PARK INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action, plaintiff Timothy Davis ("Davis") sues his former employer, Highland Park Independent School District ("HPISD"), alleging claims for race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. HPISD moves to dismiss for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants HPISD's motion but grants Davis leave to replead.

I

In January 2024 HPISD hired Davis, a Black male, to work as a Special Education lead teacher at Boone Elementary School. Not long after he was hired, Davis began to have "persistent issues" with "private nurse Renee" ("Nurse Renee") and the two teacher aides assigned to his classroom. Compl. (ECF No. 1-3) at 12. According to Davis' complaint, Nurse Renee and the two aides "question[ed] his methods and interventions with his students that followed hurtful stereotypes of Black men being too aggressive or violent and

untrustworthy with children." *Id.*

Davis reported his "concerns" regarding the two aides and Nurse Renee to the School's principal, Amanda Reyes ("Reyes"), but her "lack of substantive intervention . . . allow[ed] the bigoted views to perpetuate and continue to be discussed by these aides." *Id.* Davis also reported to Reyes that the aides were violating safety and sanitary policies in the Special Education Fundamentals classroom, but Reyes "simply asked [Davis] to reinforce the policies himself," and the aides did not suffer any negative consequence for their alleged violations. *Id.*

Davis alleges that, on April 4, 2024, Nurse Renee became "unreasonably angry with [him for] asking her to keep her student in the presence of other District employees at all times," and assaulted him. *Id.* District Police were alerted and performed an investigation that resulted in Davis' being placed on administrative leave. On April 11, 2024 Reyes informed Davis that she wished to terminate his contract. According to Davis, "[i]n order to protect his business reputation, [he] was pressured into resigning before the termination occurred." *Id.*

On April 17, 2024 Davis filed a report of race discrimination and retaliation with HPISD, but the district's independent investigator concluded that Davis' claims were unsubstantiated.

Davis then sued HPISD in state court, alleging claims for race and gender discrimination and retaliation, in violation of Title VII. HPISD removed the case to this court and now moves to dismiss under Fed. R. Civ. P. 12(b)(6). Davis has not responded to

HPISD's motion, which the court is deciding on the briefs, without oral argument.

II

*Pro se* complaints are to be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). And they are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. Nevertheless, "[a]lthough pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679  (brackets omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

### III

The court begins with Davis' claim for race and gender discrimination.

### A

Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2(a)(1).  When a plaintiff alleges a Title VII claim of race or gender discrimination based on circumstantial evidence, as Davis does, the court can use the *McDonnell Douglas*[1] framework as a reference when determining whether the plaintiff has plausibly alleged the ultimate elements of his claim.[2]  Under this framework, a plaintiff must

---

[1]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[2]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th

sufficiently plead that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) others similarly situated but outside his protected class were treated more favorably. *See, e.g.*, *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997-98 (5th Cir. 2022). Under the fourth element, the plaintiff must demonstrate that he was treated less favorably than other similarly situated employees under "nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see Willis v. W. Power Sports, Inc.*, 2024 WL 448354, at *2 (5th Cir. Feb. 6, 2024) (per curiam) (affirming Rule 12(b)(6) dismissal where plaintiff failed to identify comparator who "under nearly identical circumstances" was treated more favorably than he was). Nearly identical circumstances exist "when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260 (citations omitted). Additionally, "the plaintiff's conduct that drew the

---

Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). To survive HPISD's motion to dismiss, however, Davis must plausibly plead the ultimate elements of his discrimination claim. *See Chhim*, 836 F.3d at 470. And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of his claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71)).

adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id*.

B

HPISD moves to dismiss Davis' discrimination claims on the ground, *inter alia*, that Davis has failed to allege facts indicating that HPISD's actions toward him were based on his race or gender or that the district treated similarly situated employees more favorably. As noted above, Davis has not responded to HPISD's motion.

C

Davis has not pleaded a plausible Title VII claim for race- or gender-based discrimination. He alleges no facts that enable the court to draw the reasonable inference that others similarly situated outside his protected group were treated more favorably. Davis makes the conclusory assertion that "two White, female educational aides were never disciplined or terminated for a history of insubordinate behavior and policy failures, yet a new Black, male teacher was terminated after being assaulted on campus based on pretextual reasons that had not previously warranted documentation." Compl. (ECF No. 1-3) at 18. But he does not assert that his comparators—the two teacher aides—had similar experience, qualifications, or held the same job or responsibilities. Davis' "allegations lack factual detail and are insufficient to enable the court to draw the reasonable inference that [his] White [, female] coworkers were treated more favorably under nearly identical circumstances." *Butler v. Our Cmty. Our Kids*, 2025 WL 3650759, at *3 (N.D. Tex. Dec. 17, 2025) (Fitzwater, J.) (citing cases). Moreover, Davis alleges that he was terminated "based on

pretextual reasons," including "two unsubstantiated complaints of the aides" and because he "was out of the classroom too often." Compl. (ECF No. 1-3) at 18. The conduct his comparators allegedly engaged in include "insubordinate behavior and policy failures." *Id.* These allegations, even if taken as true, do not enable the court to draw the reasonable inference that Davis engaged in conduct "nearly identical" to his proffered comparators who were treated more favorably.[3] *See Lee*, 574 F.3d at 259-60.

Accordingly, the court grants HPISD's motion to dismiss Davis' Title VII claim for race and gender discrimination.

IV

The court now turns to Davis' retaliation claim.

A

To plead a plausible Title VII retaliation claim, the plaintiff must allege sufficient facts for the court to draw the reasonable inference: "(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Banks v. E. Baton Rouge Par. Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).

B

HPISD moves to dismiss Davis' retaliation claim on the ground that he has not alleged

---

[3]In concluding that Davis has failed to allege that others similarly situated but outside his protected class were treated more favorably, the court does not intend to suggest that he has otherwise plausibly alleged a Title VII claim for race or gender discrimination.

that he engaged in a protected activity prior to his alleged discharge.  As noted above, Davis has not responded to HPISD's motion.

C

The court concludes that Davis has failed to plausibly allege a claim for retaliation under Title VII because he does not plead that he engaged in a protected activity.

Davis alleges that, at some point during his employment (he does not specify when), he reported to Reyes his "concerns" about Nurse Renee and the two aides.  Compl. (ECF No. 1-3) at 18.  But Davis has not provided any detail regarding the "concerns" he allegedly reported.  Accordingly, the court cannot draw the reasonable inference that Davis engaged in protected activity when he reported his "concerns" to Reyes.  *See Davis v. Dall. Indep. Sch. Dist.*, 448 Fed. Appx. 485, 493 (5th Cir. 2011) (per curiam) ("[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."); *Kirk v. Our Cmty. Our Kids*, 2025 WL 2432614, at *6 (N.D. Tex. Aug. 22, 2025) (Fitzwater, J.) (complaining of "discriminatory practices" did not "give rise to a reasonable inference that [plaintiff] engaged in protected activity"); *E.E.O.C. v. Omni Hotels Mgmt. Corp.*, 516 F. Supp. 2d 678, 705 (N.D. Tex. 2007) (Stickney, J.) ("Vague concerns and even vague assertions of discrimination are not sufficient to constitute an opposition to an unlawful employment practice.").

Davis *does* plausibly plead that he engaged in protected activity on April 17, 2024 when he "filed a report of racial discrimination and retaliation" with HPISD.  Compl. (ECF No. 1-3) at 18.  But he has not plausibly pleaded causation with respect to this protected

activity. Nor can he: Davis filed the report *after* the adverse employment action allegedly occurred.

Accordingly, because Davis has failed to plausibly allege a Title VII retaliation claim, the court grants HPISD's motion to dismiss this claim.

V

Although the court is granting HPISD's motion to dismiss, it will allow Davis to replead.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). It is not apparent that the pleading deficiencies in Davis' complaint are entirely incurable, and Davis has not advised the court that he is unwilling or unable to amend in a manner that will avoid dismissal. And, in granting leave to replead, the court takes into consideration that Davis is proceeding *pro se*. *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*).

*     *     *

For the reasons explained, the court grants HPISD's motion to dismiss and grants

Davis 28 days from the date of this memorandum opinion and order to file an amended

complaint.

**SO ORDERED**.

February 24, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -